UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TAYLOR J. CAIOLA                    :        CIVIL ACTION NO:

V.                                  :

JOHN R. SADDLEMIRE                  :        APRIL 26, 2012

## VERIFIED COMPLAINT

This is an action brought pursuant to the Civil Rights Act of 1866 for injunctive

and declaratory relief against a state university official.  Plaintiff Taylor J. Caiola, by his

undersigned attorney, brings this action against John R. Saddlemire, in both his

individual capacity and in his official capacity as Vice President for Student Affairs, at

the University of Connecticut.  Specifically, the plaintiff seeks relief against said

defendant State university official for violations of his due process rights pursuant to the

Fourteenth Amendment of the United States Constitution, including: 1) the arbitrary and

capricious manner in which a student disciplinary hearing was conducted, because the

decision to expel Caiola was not based upon substantial evidence; and 2) the

application of provisions of the Student Code that justified plaintiff's expulsion were void

for vagueness as applied to the facts of this case, in that: a)  said provisions failed to put

him on notice that the alleged conduct placed him in violation of the Student Code; and

1

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

b) Caiola's conduct, as alleged by the Complainant, did not fall with sufficient clarity within the ambit of the relevant Student Code provisions.

## I.     Jurisdiction and venue

1.     This action is brought pursuant to Title 42 United States Code Sections 1983 and 1988, and the fourteenth amendment to the United States Constitution.  The claims in this Complaint seek to redress the Defendant's deprivation and violation, under color of state law, of the rights, privileges, and immunities secured for Plaintiff under the aforementioned amendments to the U.S. Constitution.

2.     Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391.

3.     Jurisdiction is founded upon 28 U.S.C. U.S.C. §§ 1331 and 1342, and 42 U.S.C. §1983 and the aforementioned constitutional provisions.

## II.     Parties

4.     The Plaintiff, Taylor J. Caiola (hereinafter "Plaintiff"), has at all relevant times been a citizen of the United States and a resident of Bolton, Connecticut, and was, until his expulsion on or about February 29, 2012, an undergraduate student at the University of Connecticut.   Said expulsion occurred in the final semester of his senior year.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

5.     The Defendant John R. Saddlemire (hereinafter "Defendant") was at all relevant times the Vice President for Student Affairs at the University of Connecticut (hereinafter "the University"), a State-owned and operated institution of higher education located in Storrs, Connecticut.  Defendant was the final decision maker in the disciplinary process that resulted in Plaintiff's expulsion, and as a representative of the University charged with enforcing its disciplinary code, he is sued in both his individual and personal capacity.

## III.     Factual allegations

6.     On or about January 30, 2012, Plaintiff received formal notice, in the form of a letter, signed by Cinnamon Adams ("Adams"), Assistant Director of Community Standards at the University, informing him that he was the subject of a complaint lodged with the University.  The Complainant (hereinafter "Complainant"), a female student, alleged that on or about October 15, 2010, more than 15 months previously, Plaintiff had sexually assaulted her.  On information and belief, the Complainant had elected to report the alleged conduct to the University for the first time a few days previously, on or about January 27, 2012.[1]

---

[1] In order to protect the anonymity and privacy of the individual who alleged that Caiola had raped her, she shall be known only as "The Complainant" in any pleadings filed by Plaintiff.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

7.    On or about February 22, 2012, Plaintiff received notice from Adams that the Complainant's allegation was to be the subject of an administrative hearing, to be held on or about February 29, 2012.

8.    Said Notice informed him that the provisions of Part III B of the University's Student Code that he was alleged to have violated were as follows:

> 2011.4   Sexual Misconduct: Sexual misconduct which includes, but is not limited to, the true threat of or actual sexual assault, unwelcome sexual contact, and/or sexual harassment.

> 2011.5   Endangering Behavior: Endangering Behavior which includes, but is not limited to, conduct that threatens or endangers the health or safety of any person including oneself.

9.    Said Notice had enclosed an "Incident Report" based upon witness statements, including the Complainant's, authored by Adams, that formed the basis of the charged violations of the Student Code.

10.    The Incident Report recounted how Adams had met with the Complainant on or about January 27, 2010, and Complainant alleged the following as narrated therein:

> a.    That two weeks prior to the alleged rape, in early October, 2010, Complainant had engaged in consensual sexual activity with Plaintiff at his apartment, including oral sex that she performed upon him; and that at

4

that time, she informed him she did not plan on having intercourse with him;

b.       That on October 15, 2010, Complainant was at a party off campus with some friends, and received a call from Plaintiff asking her to come to his apartment, and that she declined because she was at the party. A short while later, Plaintiff called her again, saying he was outside the party, parked in a car with several mutual male friends. Complainant left the party, joined Plaintiff in his car, and went back to his apartment;

c.       That once at Plaintiff's apartment, and in his bedroom, Complainant and Plaintiff undressed and engaged in consensual sexual activity, including oral sex, which he performed on her, and digital penetration, as well as kissing.

d.       That Plaintiff announced his desire to have sexual intercourse with Complainant, and attempted, as they were both naked on his bed, to initiate intercourse, but Complainant announced that she did not want to have sex with him;

e.       That when Complainant ceased to hear the noise of the other individuals in the house and all had gone quiet downstairs, she asked

5

about her ride back to the party, then Plaintiff replied that she was going to stay for the night, and his roommates would give her a ride home in the morning; at this point Complainant realized she was across campus from her residence, lacked her coat and house keys and therefore had to stay the night.  After the fact, she alleged that this pattern of reasoning indicated the influence of alcohol upon her;

f.      That when Plaintiff kept attempting to persuade Complainant to have sexual intercourse, including at one point refusing to get her a requested glass of water unless she did engaged in oral sex, she explained her reasons for refusal, including: 1) she did not want to; 2) she had only had one sexual partner before, and that was a boyfriend; 3) that she did not know Plaintiff well; and 4) that he did not have a condom on. Plaintiff put a condom on at that point;

g.      That Plaintiff persisted in his entreaties for sex, and that Complainant was tired and only wanted to go to sleep;

h.      That Plaintiff gave her the options of fellating him until she swallowed, or having him "cum on her face," or having intercourse. Complainant reasoned that intercourse "was easier" because "she would

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

not need to be actively involved." Complainant alleged that at that point she "gave in" to having intercourse with Plaintiff, and then fell asleep in his bed.

i.      Complainant never alleged that Plaintiff barred her from leaving the room. She never alleged that Plaintiff employed physical force or threatened physical force. She never alleged that her response to Plaintiff's final entreaty to have sex with her contained an express or implied refusal. She did not allege that she was so incapacitated by alcohol that she was either insensible or incapacitated with respect to her understanding of every statement directed at her by Plaintiff, and her responses thereto, which she recalled with great precision 15 months after the fact. She never alleged that she did not have the means to get home had she wanted to leave, despite not having a car, given the fact that she never asked any of the other persons in the house at that time for a ride, or called any of her own roommates, or called upon one of several services provided by the University to ferry female students home at night from off campus. Most importantly, the Complainant did not allege that Plaintiff engaged in sexual intercourse with her without her consent, in any

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

such manner that he would have understood that consent was being withheld or denied or otherwise not granted.  As alleged in the incident report, Complainant only alleged that Plaintiff was repetitively insistent on having some sort of sexual contact with her, of which intercourse was only one proposed variant, and that she "gave in" to having intercourse without any demonstration of hesitancy, fear, unwillingness to participate, or refusal.

11.     The Administrative hearing occurred on or about February 29, 2012.  The hearing officers were Jim Hintz ("Hintz") and Alisa Geller ("Geller"), both of whom were at all relevant times, upon information and belief, University administrators and/or employees.

12.     At the opening of the hearing, Adams, identifying herself as "the charging party," presented the charged conduct as "nonconsensual sexual intercourse based on unreasonable pressure or what would be called coercion."

13.     Adams then proceeded to set forth for the hearing officers and the parties the facts in the record thus far agreed-upon and disagreed upon by Complainant and Plaintiff regarding the incident in question.  Adams asserted that Complainant, by her own account, was making decisions during the sexual encounter, and was able to

8

recount the details some time later, such that "incapacitation" by reason of alcohol was not a factor in the night's events.  While Complainant would subsequently testify that she was drinking that night, and that her judgment may have been impaired, she never disputed Adams' characterization with respect to the absence of incapacitation.

14.     Adams also asserted in her preliminary statement of facts and the parties' positions, that Complainant, by her own account, ultimately said "yes" to Plaintiff to have intercourse, but because she had previously said "no" and/or by her actions avoided having sexual intercourse over a period of time, by Complainant's account, Plaintiff "put unreasonable pressure on her to have intercourse, which is defined as coercion."

15.     During her hearing testimony, upon questioning by Hintz, Complainant agreed that she gave consent, by affirmative words or conduct, to Plaintiff's initiation of intercourse, albeit only after multiple refusals.  She further testified that she could not recall what her consent consisted of; this was the only significant detail of the events of that evening that she claimed she could not remember.

16.     Complainant's testimony generally matched in its particulars matched the prior statement that she gave to Adams, which Adams then incorporated into the Incident Report. Plaintiff's statement of events and testimony were completely at odds with Complainant.  Plaintiff had several witnesses testify on his behalf, individuals who

9

were present in the house the night of the alleged rape; all of them testified that the Complainant did not appear to be intoxicated and that she walked up the stairs to Plaintiff's bedroom, rather than being carried as alleged, and that her demeanor the next morning did not suggest someone who had been through a traumatic experience. Plaintiff testified that by her affirmative conduct, specifically reciprocation of his initiation of intercourse and mutuality of the act, Complainant gave her consent to such intercourse.

17.   The Complainant's witnesses and supporting documentation consisted of testimony repeating what Complainant had told said witnesses of the night's events, and unlike Plaintiff's witnesses, none of Complainant's witnesses were present at the house that was the site of the charged conduct.  The Complainant also responded to the testimony of Plaintiff's witnesses by claiming, after said witnesses had left the hearing room, they were speaking of a different, prior night than the one at issue, and therefore their testimony was mistaken.  Faced with this evident discrepancy, the hearing officers did not then recall Plaintiff's witnesses and question them to clarify Complainant's allegation that Plaintiff's witnesses were conflating two different nights. Testimony from Complainant and one of her witnesses to the effect that she was intoxicated was inconclusive, and did not contradict Adams' assertion that Complainant

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

was not incapacitated by alcohol.  The evidence presented was, in other words, of the "he said, she said" variety.

19. After deliberating for an hour and a half, the hearing officers, based upon a preponderance of the evidence standard, concluded that Plaintiff was in fact responsible for violations of the Student Code, including Sexual Misconduct and Endangering Behavior.  The hearing officers found that Plaintiff "put unreasonable pressure on the complainant which prevented her from giving informed, free and active consent."

19. In a letter memorializing the hearing officers' determination dated March 1, 2012, authored by Geller, Plaintiff was informed that the hearing officers had concluded, "based on information presented…at the hearing, including prior conversations about sexual boundaries, circumstances that put the complainant in a vulnerable situation, and the credibility of the complainant supported by documentation of the night's events, we believe you put unreasonable pressure on the complainant which prevented her from giving informed, free, and active consent for sexual intercourse."  There was no corroborating documentation of the night's events that did not originate with Complainant, and her credibility should have been brought into question by the single

11

detail of the evening that she could not recall – the manner in which she gave her admitted consent to Plaintiff.

20.     Geller's letter finally informed Plaintiff that he was expelled, effective immediately.

21.     Plaintiff appealed, and the appeal was denied by Defendant on or about March 16, 2012, thereby exhausting Plaintiff's administrative remedies.

22.     Plaintiff was forced to leave campus after having earned 111 of the 120 credits needed to graduate, having been accepted into a Master's Degree program at Northeastern University, an acceptance predicated upon his successful matriculation from the University.

## IV     COUNT ONE (violation of the due process clause of the Fourteenth Amendment to the United States Constitution)

1-22.   The allegations contained in Paragraphs 1-22 are hereby incorporated by reference into this Count One as if set forth herein.

23.     The charged misconduct Plaintiff was found by the hearing officers to have violated were "sexual misconduct" and "endangering behavior," neither of which mention "unreasonable pressure" as a form of "coercion" that can deprive a Complainant in a sexual assault case of the ability to give meaningful consent to sexual intercourse.  It is undisputed that Complainant consented *in fact*, at some point, to

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

Plaintiff's initiation of intercourse; therefore Plaintiff's charged misconduct was the alleged application of "unreasonable pressure."

24.     The "Definitions" section to Part II of the University's Student Code defines consent as "an understandable exchange of affirmative words or actions, which indicate a willingness to participate in sexual activity. Consent must be informed, freely and actively given. It is the responsibility of the initiator to obtain clear and affirmative responses at each stage of sexual involvement.  The lack of a negative response is not consent.  Past consent of sexual activity does not imply ongoing future consent."

25.     The definition of coercive sexual misconduct as "unreasonable pressure," the basis for the hearing officers' finding that Plaintiff had injured Complainant as well as the charged conduct announced by Adams at the commencement of the disciplinary hearing, appears nowhere in the Student Code;[2] nor did any mention of a charge of "unreasonable pressure" appear in any of the documents provided to Plaintiff prior to the hearing.  Having received consent from Plaintiff for sexual intercourse, an undisputed finding of the hearing officers and Adams, the charging party, Plaintiff was provided with no notice that he was in violation of any rule or regulation of the University such that he faced the ultimate sanction of expulsion.

---

[2] The Student Code may be found on the University web site at
http://www.community.uconn.edu/docs/1112_The_Student_Code.pdf; last checked 4/26/2012 at 11:21 a.m.

13

26.     The Defendant, in denying Plaintiff's appeal of the hearing officers'

findings and sanction, violated Plaintiff's due process rights in the following ways:

> a.      The evidence presented at the hearing did not constitute
> substantial evidence to sustain the hearing officer's findings.  No evidence
> was presented that independently corroborated the Complainant's version
> of events, with respect to Plaintiff's alleged application of unreasonable
> pressure as coercion such that consent was vitiated, while evidence was
> presented that contradicted Complainant's version of events.
>
> b.      The violations of the Student Code cited by the hearing
> officers in their decision, as applied, are unconstitutionally vague, in that
> they failed to provide reasonable notice to Plaintiff that his conduct, even
> as alleged by Complainant, placed him in violation of the Student Code.
>
> c.      The violations of the Student Code cited by the hearing
> officers in their decision, as applied, are unconstitutionally vague, in that
> Plaintiff's conduct, as alleged by the Complainant, did not fall with
> sufficient clarity within the ambit of the Student Code provisions.
>
> d.      In light of the absence of substantial evidence that Plaintiff
> had violated the relevant provisions of the Student Code, and in light of
> the impermissible vagueness of those provisions, as applied to Plaintiff's
> alleged conduct, the hearing officers' decision to expel Plaintiff was
> arbitrary and capricious.

27.     As a result of the aforementioned violations of Plaintiff's due process

rights, Plaintiff has suffered damages including loss of tuition, loss of educational

opportunities, and the social and academic stigma of expulsion, and has been deprived

of the right to receive academic credit for approved courses.  Further, his acceptance to

a graduate program has been placed into doubt, and the permanent record of expulsion

*Rome McGuigan, P.C. • Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

on his transcript will affect any subsequent academic application for graduate degrees adversely, as well as serve as an obstacle to employment in his chosen field, as an educator.  Plaintiff has been irreparably harmed by this wrongful expulsion.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

WHEREFORE, Plaintiff prays that this Court:

      1.     Award attorney's fees pursuant to 42 U.S.C. §1988;

      2.     Award costs according to Rule 54(d) of the Federal Rules of Civil Procedure;

      3.     Enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, that:  1) enjoins the Defendant from enforcing any disciplinary action imposed on Plaintiff as a result of any proceedings that occurred on February 29, 2012, as provisions of Part IIIB of the University's Student Code were improperly applied against Plaintiff, and/or violated Plaintiff's right to due process of law; and 2) compels the Defendant to reinstate Plaintiff so that he may complete his degree requirements and graduate from the University this May.

      4.     Issue a declaratory ruling, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C §2201, that the provision of the University's Student Code Part IIIB, is unconstitutionally void for vagueness as applied to Plaintiff's conduct  under the Fourteenth Amendment of the Constitution of the United States, because Plaintiff was not put on notice that his conduct, even as alleged by the Complainant, violated the relevant provisions of the Student Code, and that said conduct, even as alleged by

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

Complainant, did not fall with sufficient clarity within the ambit of the Student Code provisions.

PLAINTIFF, TAYLOR J. CAIOLA

By _____ /s/ _____
    Morris R. Borea (ct06559)
    Thomas A. Plotkin (ct27917)
    Rome McGuigan, P.C.
    One State Street
    Hartford, CT 06103
    Tel:  860/549-1000
    Fax: 860/724-3921

17406-1/IV9254

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726