# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Taylor J. Caiola, | : | CIVIL ACTION NO. |
|       PLAINTIFF | : | 3:12 CV-00624-VLB |
| vs. | : | |
| | : | |
| John R. Saddlemire, Alisa Geller and Jim Hintz, individually and in their official capacities, | : : : | |
|       DEFENDANTS. | : | June 7, 2012 |

## ANSWER AND AFFIRMATIVE DEFENSE

The defendants hereby answer plaintiff's amended complaint dated May 16, 2012, as follows:

**I.     Introduction**

The defendants deny plaintiff's claims under the United States Constitution and deny that plaintiff is entitled to any relief. As to the balance of these paragraphs, the defendants lack sufficient knowledge or information to admit or deny the allegations and therefore leave the plaintiff to his proof.

1.     As to the allegations of this paragraph the defendants deny they violated the law in any respect, deny plaintiff is entitled to any redress, and as to the balance lack sufficient knowledge or information and therefore leave the plaintiff to his proof.

2.     As to the allegations of this paragraph the defendants lack sufficient knowledge or information and therefore leave the plaintiff to his proof.

3.     It is denied that plaintiff meets all jurisdictional requirements.

4.     It is admitted that plaintiff was an undergraduate student at the University of Connecticut until the final semester of his senior year, and that he was expelled on or about February 29, 2012.

As to the balance of the paragraph, the defendants lack sufficient knowledge or information and therefore leave the plaintiff to his proof.

5. As to the basis on which plaintiff has sued defendant Geller, and the sufficiency thereof, the defendants lack sufficient knowledge or information and therefore leave the plaintiff to his proof. The balance of the paragraph is admitted.

6. As to the basis on which plaintiff has sued defendant Hintz, and the sufficiency thereof, the defendants lack sufficient knowledge or information and therefore leave the plaintiff to his proof. The balance of the paragraph is admitted.

7. As to the basis on which plaintiff has sued defendant Saddlemire, and the sufficiency thereof, the defendants lack sufficient knowledge or information and therefore leave the plaintiff to his proof. The balance of the paragraph is admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. a. It is admitted only that the Incident Report included this information.

    b. It is admitted only that the Incident Report included this information.

    c. It is admitted only that the Incident Report included this information.

    d. It is admitted only that the Incident Report included this information.

    e. It is admitted that the information in the first sentence of this paragraph appeared in the Incident Report. Defendants deny the implication of the second sentence that complainant's testimony that she was intoxicated was a fabrication "after the fact."

    f. It is admitted only that the Incident Report included this information.

      g.      It is admitted only that the Incident Report included this information.

      h.      It is admitted only that the Incident Report included this information.

      i.      It is denied that under the circumstances complainant was expected or required to "allege" particular facts, including that any such allegations were necessary or required in order for the fact finders to conclude plaintiff violated the Student Code, and the balance of the paragraph is denied insofar as the paragraph asserts complainant's testimony did not reflect use of or threatened use of physical force, incapacitation by alcohol, and that complainant gave free, active and knowing consent to vaginal sexual intercourse. It is admitted that plaintiff was insistent on sexual contact, including ejaculation.

13.    Admitted.

14.    Admitted.

15.    The first two sentences are admitted. As to the third sentence, it is admitted that complainant testified she was drinking, and the balance is denied.

16.    Admitted, except to the extent it is implied that the hearing officers were bound by assertions or representations made by Ms. Adams.

17.    It is denied that complainant gave consent to intercourse as consent is defined under the Student Code, but it is admitted that complainant ultimately succumbed to plaintiff's sexual demands. Given the ambiguity of the phrase "significant detail" and the meaning intended by use of the word "consent" in the second sentence of the paragraph, the defendants lack sufficient knowledge or information and therefore leave the plaintiff to his proof.

18.    Admitted.

19.    The first two sentences are admitted. As to the third sentence, it is admitted only that the plaintiff's witnesses were not recalled. Given the ambiguity of the term "inconclusive," the

defendants lack sufficient knowledge or information as to the allegation of the fourth sentence and therefore leave the plaintiff to his proof. It is denied that the preponderance of the evidence could not support that complainant was incapacitated by alcohol. It is admitted that there was conflicting testimony.

20. Admitted.

21. The first sentence is admitted. The second sentence is denied to the extent it asserts the fact finders could not reasonably conclude by a preponderance of the evidence that plaintiff's testimony was not credible.

22. Admitted.

23. Admitted.

24. It is admitted only that as a result of his own conduct, plaintiff was required to leave campus having earned 111 of 120 credits. As to the balance of the paragraph, the defendants lack sufficient knowledge or information and therefore leave the plaintiff to his proof.

Count One

1.-24. Defendants' responses to paragraphs 1 through 24 above are hereby incorporated by reference and made the responses to Paragraphs 1 through 24 of Count One as if fully set forth herein.

25. It is admitted plaintiff was found to have violated the "sexual misconduct" and "endangering behavior" provisions of the Student Code. It is admitted only that the term "unreasonable pressure" does not appear in the Student Code as a defined form of coercion that eviscerates consent. It is denied that complainant provided consent, as defined in the Student Code, to the sexual intercourse.

26.     Admitted in part, denied in part. This paragraph is admitted except the definition of consent also includes the following as the second-to-last sentence, but omitted by plaintiff: "An individual who is incapacitated by alcohol and/or other drugs, both voluntarily or involuntarily consumed may not give consent."

27.     The first sentence is admitted. As to the second sentence it is denied that plaintiff received consent within the meaning of the Student Code for the sexual intercourse, and the balance of the sentence is denied.

28.     Denied.

29.     It is denied that any damage or loss the plaintiff has suffered is the result of any due process violation, rather than plaintiff's own knowing misconduct, and as to the balance of the first and second sentences, the defendant lacks sufficient knowledge or information and therefore leaves the plaintiff to his proof. It is denied that plaintiff was wrongfully expelled.

Count Two

1.-27. Defendants' responses to paragraphs 1 through 27 of Count One are hereby incorporated by reference and made the responses to Paragraphs 1 through 27 of Count Two as if fully set forth herein.

28.     It is admitted only that defendant Saddlemire denied plaintiff's appeal and in doing so listened to the audiotape of the hearing and reviewed the relevant documentation. It is denied that he conducted a review as to the sufficiency of the evidence to support the fact finders' determination. It is denied that the evidence was undisputed as to the question of complainant's consent to the sexual intercourse given the definition of consent in the Student Code. It is admitted that defendant Saddlemire did not assess any argument by plaintiff that the Student Code provisions at issue were void for vagueness.

29.     Denied, including any implication that any loss or damage plaintiff has suffered is the result of any due process violation.

30.     It is denied defendant Saddlemire violated plaintiff's due process rights or that Dr. Saddlemire's acts, rather than plaintiff's own knowing misconduct, caused damage to the plaintiff. As to the balance of the first sentence and the second sentence the defendant lacks sufficient knowledge or information and therefore leaves the plaintiff to his proof. It is denied that plaintiff was wrongfully expelled.

It is denied that plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSE**

Plaintiff lacks standing, and thus this Court lacks jurisdiction over his claims.

>DEFENDANTS
>
>JOHN R. SADDLEMIRE, ALISA GELLER, JIM HINTZ
>
>GEORGE JEPSEN
>ATTORNEY GENERAL
>
>BY:  /s/ Ralph E. Urban _____
>         Ralph E. Urban
>         Assistant Attorney General
>         Federal Bar No. ct 00349
>         343 Mansfield Road, Unit 2177
>         Storrs, CT 06269-2177
>         Tel.: (860) 486-4241
>         Fax: (860) 486-4369
>         Ralph.Urban@uconn.edu

## CERTIFICATION

I hereby certify that on June 7, 2012 a copy of the foregoing *Answer and Affirmative Defense* was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    /s/ Ralph E. Urban
Ralph E. Urban
Assistant Attorney General
Federal Bar No. ct 00349
343 Mansfield Road, Unit 2177
Storrs, CT 06269-2177
Tel.: (860) 486-4241
Fax: (860) 486-4369
Ralph.Urban@uconn.edu